IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRIL WILLIAMS**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. **04-699-JLF** |
| ) | |
| **ALAN UCHTMAN,**[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge James L. Foreman pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Petitioner Terril Williams is an inmate in the custody of the Illinois Department of Corrections. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Now before the Court is respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus as Time-Barred. **(Doc. 12)**. The motion is supported by a memorandum of law with attached exhibits. **(Doc. 13)**. Petitioner has filed a response. **(Doc. 14)**.

### Procedural History

On February 5, 1998, Terril Williams was convicted by a jury in Madison County of two counts of first degree murder. He was sentenced to two concurrent sentences of natural life. The Appellate Court affirmed on December 22, 1999, and the Supreme Court denied leave to appeal on April 5, 2000. **(Exhibits A and C, attached to Doc. 13)**.

---

[1] Alan Uchtman is now the warden at Menard Correctional Center, and is therefore substituted as respondent. Rules Governing Section 2254 Cases, Rule 2(a).

Petitioner filed a post conviction petition on October 30, 2000, which was dismissed on January 11, 2001.  **(Exhibit E, attached to Doc. 13)**.  Mr. Williams appealed, and the Appellate Court affirmed on October 29, 2002.  **(Exhibit F, attached to Doc. 13)**.  He did not seek leave to appeal to the Supreme Court.

Thereafter, on March 18, 2003, petitioner filed a Petition for Relief from Judgment, pursuant to 735 ILCS 5/2-1401(f).  On April 9, 2003, the Circuit Court dismissed because the Petition was untimely.  **(Exhibits G and H, attached to Doc. 13)**.

Petitioner filed a motion for leave to file a late notice of appeal, contending that he had not received notice of the dismissal of his Petition.  **(Exhibit I, attached to Doc. 13)**. The motion was stricken by the Appellate Court for lack of jurisdiction.  (**Exhibit J, attached to Doc. 13)**.  The Supreme Court denied leave to appeal on May 26, 2004.  **(Exhibit L, attached to Doc. 13)**.

## Time Limit for Filing of Section 2254 Petition

The time limit for filing a petition under Section 2254 is set forth in 28 U.S.C. §2244(d) as follows:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending shall be excluded from the period of limitations.

### Analysis

Williams' direct appeal was concluded on April 5, 2000, when the Illinois Supreme Court denied leave to appeal. The one-year statute of limitations began to run ninety days later, on July 6, 2000, after the expiration of the period during which he could have sought cert in the United States Supreme Court. *Anderson v. Litscher*, **281 F.3d 672, 674-675 (7th Cir. 2002)**.

Pursuant to §2244(d)(2), the period during which a "properly filed" post conviction or collateral proceeding was pending must be excluded. Williams filed two post conviction proceedings. The first such proceeding was "properly filed," but the second was not.

The first post conviction petition was filed on October 30, 2000, and was dismissed as patently without merit. **(Exhibit E, attached to Doc. 13).** The Appellate Court affirmed the dismissal of that proceeding on October 29, 2002. **(Exhibit F, attached to Doc. 13)**. Williams did not seek leave to appeal, but does not get "credit" for the time during which he could have sought such leave, as only the period during which the post conviction proceeding was pending is excluded, per §2244(d)(2). **See,** *Gildon v. Bowen*, **384 F.3d 883, 885-886 (7th Cir. 2004)**. Thus, the period of July 6, 2000, to October 29, 2000, a total of 116 days, counts toward the one year. The limitations period was tolled from October 30, 2000, to October 29, 2002, and began to run again on October 30, 2002. It is manifestly evident that more than one year elapsed before

3

the filing of the habeas petition in this Court on September 29, 2004.

Petitioner argues that his petition was timely because the period during which the March, 18, 2003, Petition for Relief from Judgment was pending should be excluded.  That is incorrect.

Section 2244(d)(2) excludes only the time during which a "properly filed" application for collateral review is pending.  The March 18, 2003, petition was not "properly filed" because it was untimely under Illinois procedures.  The circuit court granted the state's motion to dismiss the petition on April 9, 2003, stating "735 ILCS 5/2-1401(c) requires that any petition filed must be filed within two years after entry of the order or judgment.  The defendant's petition was filed almost five years after entry of final judgment in this cause." **See, Exhibit H attached to Doc. 13.**  Whether a state court petition was properly filed depends on how the state treated it; if the state court dismissed it as untimely, it was not "properly filed." ***Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000)**.

In dismissing the petition, the circuit court did also state that the only point raised by Williams had no merit.  But, although the court referred in passing to the merits of the petition, the dismissal was on independent and adequate state procedural grounds. ***Brooks v. Walls*, 279 F.3d 518, 523-524 (7th Cir. 2002) .**

The Supreme Court has recently reiterated that a post conviction proceeding that has been  dismissed by the state court as untimely was not "properly filed" and the time during which it was pending is **not** excluded from the calculation. ***Pace v. DiGuglielmo*, --- S.Ct. ----, 2005 WL 957194 (April 27, 2005).**  "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)." ***Pace*, 2005 WL 957194 at \*4**.

Williams argues that the state court erred under state law in dismissing his petition.  **See,**

4

**Doc. 14, ¶2**. However, that is not an issue that this Court can consider. Federal courts do not review state court determinations of state law questions on habeas review. **Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Bloyer v. Peters, 5 F.3d 1093, 1098 (7th Cir. 1993).**

Lastly, the Court notes that, although the Seventh Circuit has held that it is possible for a claim of actual innocence to serve to toll the one year limitation period, the requirements are stringent. Neither the Supreme Court nor the Seventh Circuit have ever found that a petitioner met the requirements. **Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004).** In order for a claim of actual innocence to toll the one year, the petitioner must "show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Id*. Petitioner Williams cannot make such showing here. The grounds that he attempts to assert are matters that were known to him for years. The only new matter is the assertion that the circuit court erred in dismissing his petition. However, as is explained above, that is a state law issue that cannot be raised here. In any event, it is evident that Williams knew back in August, 2003, within the one year period, that his second post conviction petition had been dismissed. **See, Petition for Leave to Appeal, dated March 16, 2004, pp. 4-5, attached to Doc. 1.** Williams possessed all of the relevant facts in time to have filed a timely habeas petition.

### Recommendation

It is clear that the habeas petition was filed in this Court well after the expiration of the one year limitation period set forth in 28 U.S.C. §2244(d) . For that reason, this Court

recommends that respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus as Time-Barred **(Doc. 12)** be **GRANTED**, and that the petition be dismissed with prejudice.

Objections to this Report and Recommendation must be filed on or before **May 25, 2005.**

**DATE:  May 6, 2005.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
